UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET CLASEN, mother of minor child
M.S.,

                Plaintiff,

v.                                                    Case No. 17-1280-EFM

UNIFIED SCHOOL DISTRICT NO. 266,
SEDGWICK COUNTY, STATE OF KANSAS,
et al.,

                Defendants.

## ORDER

M.S., a minor with Down Syndrome and other disabilities, alleges defendants denied her a free appropriate public education in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401. Plaintiff's complaint (ECF No. 1) seeks review of state administrative decisions finding no IDEA violation, and also asserts related claims for discrimination and retaliation under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, and under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794. Plaintiff has filed a motion for leave to serve expert disclosures out of time (ECF No. 73). The undersigned, U.S. Magistrate Judge, James P. O'Hara, finds that plaintiff has failed to demonstrate good cause or excusable neglect, and her motion is therefore denied.

Background

Plaintiff commenced this action on November 6, 2017. On February 12, 2018, the

1

undersigned conducted a scheduling conference. Plaintiff appeared through counsel, Samara N. Klein. Defendant Unified School District No. 266, Sedgwick County, State of Kansas ("USD No. 266"), appeared through counsel, Brooks G. Severson. Defendant Sedgwick County Area Education Services Interlocal Cooperative #618 ("SCAESIC #618") appeared through counsel, Sarah J. Loquist. As noted in the scheduling order (ECF No. 24), the parties had certain disagreements about the extent of discovery that should be allowed. The court set a deadline of March 2, 2018 for the parties to file a formal motion if it was going to be necessary to adjudicate those disputes.[1] The parties subsequently reached an agreement regarding the scope, nature, and content of plaintiff's discovery. Still, instead of submitting a joint case-management planning report as ordered, the parties submitted separate, competing versions of their reports on or about April 24, 2018.

On May 31, 2018, the undersigned conducted a telephonic status and scheduling conference. The parties appeared through the same counsel identified above. During this conference, the undersigned sought to confirm the June 1, 2018 deadline for plaintiff to serve expert disclosures, the date which both sides had apparently agreed via their separately submitted reports. In response, Ms. Klein requested additional time to make such disclosures, explaining that the "district … employed the expert [who had previously testified about behaviors on behalf of the parent]," and accordingly, "we may

---

[1] The court subsequently granted the parties' informal request to extend that deadline by two weeks (ECF No. 25).

want to use a different expert."² When the undersigned then proposed July 2, 2018 as plaintiff's expert-disclosure deadline, Ms. Klein requested "at least a few extra weeks," stating:

> … that expertise is very specialized, but there are probably two people in the Wichita area that have that expertise. One was the expert we used, another one is somebody who also did a report and contracted with the district. And so I just think it may take us some further searching in terms of who would be the appropriate person and whether – and I think we would explore whether or not it would be okay to use those people or not.
>
> ….
>
> THE COURT: So if I give you another three – say three weeks, you'd be in a position to get a fully-compliant Rule 26 report signed and served and provided to defense counsel. Correct?
>
> MS. KLEIN: So what's the date? That would be three weeks from July 1st or July –
>
> THE COURT: The date would be July 23rd.
>
> MS. KLEIN: Yeah, I should be able to do that.
>
> THE COURT: Okay. And, Ms. Klein, I – I don't mean to be preachy about this, but I want to – I would strongly urge you today once we're done with this phone call to get very comfortable and familiar with the specific requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure –
>
> MS. KLEIN: Okay. Okay.
>
> THE COURT: — because, it's a fairly arduous –
>
> MS. KLEIN: Okay.
>
> THE COURT: — process. And if you don't comply, then we will strike the – any expert's report. Are we clear on that?

---

² ECF No. 63 at 25:1-14.

MS. KLEIN: Yes. Yes.[3]

On June 1, 2018, the undersigned entered an amended scheduling order (ECF No. 51), setting July 23, 2018 as the deadline for plaintiff to serve expert witness disclosures.

On July 24, 2018 (i.e., one day after the applicable deadline already had expired), Ms. Klein e-mailed defense counsel requesting an extension of her expert-disclosure deadline, claiming additional time was required for plaintiff's expert to review discovery. The e-mail indicates plaintiff "intends to use Dr. Shelby Evans as her expert witness," and identifies three "issues [plaintiff] plans to have [Dr. Evans] cover."[4] The e-mail asserts that "[t]he additional observation records [Dr. Evans] provided and the FBA you had her produce are your records."[5]

On July 25, 2018, plaintiff filed a motion seeking additional time to disclose experts (ECF No. 56). According to plaintiff's motion, defendant USD No. 266 "originally would not agree as to [plaintiff's] request being tied to discovery and not stating a date," and "[plaintiff] has not heard back from [defendant SCAESIC #618]."[6]

---

[3] *Id.* at 25:24 - 27:14. Toward the end of the May 31 conference, when the undersigned suggested Ms. Klein might consider associating with co-counsel more familiar with federal practice, she indicated that wasn't yet necessary. *Id.* at 32:20-35:6. Co-counsel with a large Kansas City firm did file an entry of appearance on August 15, 2018 (ECF No. 61), but that was long after the applicable disclosure deadline expired.

[4] ECF No. 76-1.

[5] *Id.*

[6] ECF No. 56 at 1.

The following day, the court entered an order denying plaintiff's motion, without prejudice, for failure to properly confer in violation of D. Kan. Local Rule 37.2 (ECF No. 57).

Not until nearly seven weeks later, on September 10, 2018, just after defendants timely served their expert disclosures,[7] did plaintiff file the instant motion seeking an extension of her expert-disclosure deadline (ECF No. 73).[8] Specifically, plaintiff asks the court to extend her expert-disclosure deadline to October 1, 2018. Plaintiff argues the July 23, 2018 deadline is premature to the extent "there is outstanding discovery that [p]laintiff's expert needs to review before preparing an updated report."[9] Plaintiff also notes her expert "recently underwent major surgery, which impacted her ability to properly prepare a report."[10]

Legal Standard and Analysis

Fed. R. Civ. P. 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "[Good

---

[7] *See* ECF Nos. 71 and 72.

[8] Although this second motion similarly fails to comply with D. Kan. Local Rule 37.2, which constitutes an independent basis to deny the motion, at this stage of the litigation the court finds it most efficient to proceed to the merits.

[9] ECF No. 73 at 1.

[10] *Id.* at 2.

5

cause] requires the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'"[11] In determining whether neglect is "excusable," in addition to all other relevant circumstances surrounding a party's omission, the following specific factors must be considered: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was under the control of the movant; and (4) whether the movant acted in good faith.[12] The Tenth Circuit has held that the third factor—the fault in the delay—is "perhaps the most important single factor" in determining whether neglect is excusable.[13]

The court finds plaintiff has failed to demonstrate good cause or excusable neglect. First, plaintiff's brief reference to her expert's surgery, nearly two months after her expert-disclosure deadline expired, and without any detail regarding the timing of the surgery or duration of recovery, is insufficient to demonstrate good cause or excusable neglect. Turning to plaintiff's assertion that the scheduling-order disclosure deadline is

---

[11] *Utah Republican Party v. Herbert*, 678 Fed. Appx. 697, 701 (10th Cir. 2017) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

[12] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Although *Pioneer* examined the term "excusable neglect" in the bankruptcy context, the Tenth Circuit has recognized that the Supreme Court's discussion applies beyond the bankruptcy context. *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).

[13] *Torres*, 372 F.3d at 1163.

premature in light of "outstanding" or "newly-produced discovery," the court notes that plaintiff represented to the court at the May 31 conference that the July 23 deadline would afford her sufficient time to serve expert disclosures. Indeed, the court set the July 23 deadline upon plaintiff's request for a seven-week extension beyond the June 1 deadline to which the parties originally had agreed. As USD No. 266 observes, plaintiff failed to serve any discovery requests until July 27, 2018, four days after her expert-disclosure deadline expired. Accordingly, on this record, it's more than a bit of a stretch to suggest plaintiff's disclosure deadline could not have been met with diligence, or that the reason for the delay was outside of plaintiff's control.

Further, it's clear that despite plaintiff's awareness in July that she would not meet her expert-disclosure deadline, and despite the court's strong warning to plaintiff's counsel to familiarize herself with Fed. R. Civ. P. 26, plaintiff failed to file a second motion for extension of time until seven weeks after the June 23 deadline expired, and only after defendants timely served their expert disclosures. Having determined lack of diligence and good cause, the court technically doesn't need to make any findings as to prejudice, delay, or good faith. But the court observes that defendants agreed to limited discovery in this matter without court intervention, did not oppose plaintiff's request for additional time to disclose experts at the May 31 conference, and served their own expert disclosures within the scheduling-order deadline. To allow plaintiff to disclose experts at this late juncture, without good cause and for reasons wholly within plaintiff's control, would be manifestly unfair to defendants.

Accordingly, plaintiff's motion (ECF No. 73) is denied.

IT IS SO ORDERED.

Dated September 26, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge