UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET CLASEN, mother of minor child
M.S.,

                Plaintiff,

v.                                                      Case No. 17-1280-EFM

UNIFIED SCHOOL DISTRICT NO. 266,
SEDGWICK COUNTY, STATE OF KANSAS,
et al.,

                Defendants.

## ORDER

M.S., a minor with Down Syndrome and other disabilities, alleges defendants denied her a free appropriate public education in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401. Plaintiff's complaint (ECF No. 1) seeks review of state administrative decisions finding no IDEA violation, and also asserts related claims for discrimination and retaliation under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, and under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794. Plaintiff has filed a motion for leave to take "up to seven" depositions beyond the three permitted by the court's amended scheduling order (ECF No. 89). Because the undersigned, U.S. Magistrate Judge, James P. O'Hara, finds that plaintiff has failed to demonstrate good cause, her motion is denied.

Plaintiff commenced this action on November 6, 2017. On February 12, 2018, the

1

undersigned conducted a scheduling conference. As noted in the scheduling order (ECF No. 24), the parties had certain disagreements about the extent of discovery that should be allowed. The court set a deadline of March 2, 2018 for the parties to file a formal motion if it was going to be necessary to adjudicate those disputes.[1] The parties subsequently reached an agreement regarding the scope, nature, and content of plaintiff's discovery. Still, instead of submitting a joint case-management planning report as ordered, the parties submitted separate, competing versions of their reports on or about April 24, 2018.

On May 31, 2018, the undersigned conducted a telephonic status and scheduling conference. The following day, the court entered an amended scheduling order (ECF No. 51), stating:

> After further consultation with counsel, and in keeping with the general mandate of Fed. R. Civ. P. 1 that cases be managed in a way that leads to their "just, speedy, and inexpensive" determination, and the corresponding mandate of Fed. R. Civ. P. 26(b)(1) that discovery be "proportional," the undersigned magistrate judge finds that only fairly limited discovery should be allowed until such time that a judicial-review decision has been rendered by Judge Melgren. To be clear, though, while allowing the opportunity for limited discovery, the undersigned does *not* presume to make *any* rulings on the extent to which, if at all, evidence beyond that contained in the administrative record would be properly admissible in making the ultimate judicial-review decision.[2]

---

[1] The court subsequently granted the parties' informal request to extend that deadline by two weeks (ECF No. 25).

[2] ECF No. 51 at 3 (emphasis in original).

2

The amended scheduling order, consistent with the parties' agreement,[3] specifically provides that "[e]xclusive of expert depositions, no more than 3 depositions may be taken by plaintiff, and no more than 2 depositions may be taken by defendants collectively."[4]

On September 27, 2018, with two weeks remaining for the parties to complete discovery,[5] plaintiff filed the instant motion seeking leave to depose "up to seven additional witnesses."[6] Plaintiff argues good cause exists to amend the scheduling order under Fed. R. Civ. P. 16(b)(4) because defendants' supplemental disclosures identify 91 witnesses, 67 of whom did not testify during the prior administrative hearing. Plaintiff also asserts that "some of these new witnesses likely have information … relevant to [plaintiff's retaliation claim]—information that has arisen since the administrative

---

[3] Plaintiff's counsel first represented that plaintiff would be willing to limit herself to no more than three depositions at the February 12, 2018 scheduling conference. *See* ECF No. 62 at 32:12-22. At the May 31, 2018 scheduling conference, the undersigned confirmed the parties' agreed deposition limits:

> THE COURT: Okay. Do you need – do you believe that the limits on discovery that were talked about before, and specifically 15 interrogatories per party and three depositions by the plaintiff and two collectively by the defendants, any reason that isn't sufficient?
>
> MS. KLEIN: I don't foresee asking, myself, for more discovery than that.

ECF No. 63 at 19:10-17.

[4] ECF No. 51 at 8.

[5] *See id.* at 6 (setting October 12, 2018, as the deadline for completion of all discovery).

[6] ECF No. 89 at 1.

hearing."[7]

For the reasons stated in the amended scheduling order, i.e., the general mandate of Fed. R. Civ. P. 1 that cases be managed in a way that leads to their "just, speedy, and inexpensive" determination, and the corresponding mandate of Fed. R. Civ. P. 26(b)(1) that discovery be "proportional," the undersigned remains of the view that only fairly limited discovery should be allowed pending Judge Melgren's judicial-review decision. The court finds plaintiff has failed to show good cause to take depositions beyond the three permitted by the amended scheduling order. First, as defendants observe in their briefs opposing plaintiff's motion, 73 of the 91 individuals identified in defendants' respective supplemental disclosures—including 49 individuals who did not testify at the administrative hearing—were identified in their respective initial disclosures, served February 2, 2018. Plaintiff's motion fails to identify any of the individuals she seeks to depose, and it's therefore unclear whether she intends to depose any of the 18 newly-identified individuals. Plaintiff's failure to identify the individuals she seeks to depose, or to describe in any detail the type of information sought, also leaves the court unable to determine whether the additional discovery should be permitted under Fed. R. Civ. P. 1 and 26.

Accordingly, plaintiff's motion (ECF No. 89) is denied.

IT IS SO ORDERED.

---

[7] *Id.* at 2.

4

Dated October 10, 2018, at Kansas City, Kansas.

                                                               s/ James P. O'Hara  
                                                               James P. O'Hara  
                                                               U.S. Magistrate Judge