UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET CLASEN, mother of minor child
M.S.,

                Plaintiff,

v.                                                               Case No. 17-1280-EFM

UNIFIED SCHOOL DISTRICT NO. 266,
SEDGWICK COUNTY, STATE OF KANSAS,
et al.,

                Defendants.

## **ORDER**

Plaintiff has filed a motion (ECF No. 100) for reconsideration of the court's order denying her leave to take additional depositions (ECF No. 98). Because plaintiff offers no reason that would justify reconsideration of the court's October 10, 2018 order, her motion is denied.

Motions for reconsideration of non-dispositive orders must be based on: "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] The decision whether to grant or deny a motion for reconsideration is committed to the court's discretion.[2] A motion for reconsideration is appropriate if the court "has obviously misapprehended a party's

---

[1] D. Kan. Rule 7.3(b).

[2] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235–36 (10th Cir. 2001).

position on the facts or the law."³ However, a motion to reconsider should not be used to "rehash previously rejected arguments or to offer new legal theories or facts."⁴ Such a motion "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."⁵

Although plaintiff cites the applicable local rule, she doesn't argue relief is proper under any of the three bases for reconsideration. Instead, plaintiff simply identifies the individuals she seeks to depose and "the types of information they could provide."⁶ Plaintiff's motion is merely an attempt to dress up arguments previously asserted—or that could have been asserted—in her motion for leave.

Accordingly, plaintiff's motion (ECF No. 100) is denied.

IT IS SO ORDERED.

Dated October 17, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

³ *Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

⁴ *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (citing *Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005)).

⁵*Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *OTR Driver at Topeka Frito-Lay, Inc.'s Distrib. Cr. of Frito-Lay, Inc.*, No. 91-4193, 1993 WL 302203, at *1 (D. Kan. July 19, 1993)).

⁶ ECF No. 100 at 3.