UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| M.S., a minor, by and through her mother, J.C.,<br><br>        Plaintiffs,<br><br>vs.<br><br>U.S.D. #266, MAIZE,<br><br>AND<br><br>SEDGWICK COUNTY AREA EDUCATIONAL SERVICES INTERLOCAL COOPERATIVE #618, and JOHN DOES 1 AND 2, OFFICIALS OF SEDGWICK COUNTY AREA EDUCATIONAL SERVICES INTERLOCAL COOPERATIVE #618,<br><br>        Defendants. | Case No. 17-cv-1280-EFM |

**AGREED ORDER FOR *IN CAMERA* REVIEW OF AUDIO RECORDINGS**

This matter comes before the Court on Plaintiff's motion for an order requiring defendants to submit two recording devices to the Court for *in camera* review of the audio recordings stored on one and to erase the other, and for such further relief as the Court deems appropriate based on said review. The parties appear by and through their counsel of record.

WHEREUPON, the parties represent and the Court finds that:

    1.    On one occasion, Plaintiff sent her daughter, M.S., to school with a recording device hidden on her person. Plaintiff states that she took this

action because she feared that M.S. was being emotionally, verbally or physically abused. This device was discovered and confiscated by school personnel on November 27, 2017. On May 5, 2018, M.S. was found with another recording device.

2. The devices were confiscated by school personnel on and remain in the possession of Defendant U.S.D. No. 266.

3. Plaintiff has asked for the return of the recording devices.

4. Plaintiff would like to listen to what is recorded on the device, which was confiscated on November 27, 2017, to determine whether it contains recordings that would constitute relevant evidence.

5. Defendant U.S.D. No. 266 has declined Plaintiff's request. Defendant is unable to access the recordings on this device because it is locked by means of a PIN number known to Plaintiff but unknown to Defendants. The other device is not locked by a pin number, but Defendants have not accessed the recordings on that device. Defendant is concerned that recordings picked up by the devices may contain personally identifiable information regarding students other than M.S. of a character protected by the Family Educational Rights and Privacy Act (FERPA), and that the return of the recordings to Plaintiff would violate FERPA and/or invade the privacy rights of other students and/or school staff. See, 20 U.S.C. § 1232g; 34 C.F.R. § 99.3 (definitions of "education records,"

"personally identifiable information" and "disclosure"); K.S.A. 21-6104(a)(4). Defendants further assert that even if the recordings do not contain information protected by law, they should be given the same access to recordings of events that took place at school as is given to Plaintiff.

6. The parties agree, subject to the Court's approval of this order, that the Court should undertake an *in camera* review of the recordings contained on the device confiscated on November 27, 2017 to determine whether their disclosure to Plaintiff or others would violate FERPA and/or the common law privacy rights of students other than M.S. and their parents, or school staff, or may violate said laws. The parties request that the Court erase the recordings on the device that was confiscated on May 5, 2018.

7. If the Court concludes that the return of the November 27, 2017 recording device to Plaintiff will not violate the privacy rights of other students or staff, and/or expose Defendants to a claim that they have violated FERPA, the Court should arrange for the preparation of a transcript of all of the recordings on the November 27, 2017 device, to be provided to defense counsel and Plaintiff's counsel, who will share the transcription cost on a 50-50 basis. Upon the completion of the transcript(s), the recording device may be returned to Plaintiff's counsel. The May 5, 2018 recording device may be returned to Plaintiff once the

Court has erased its contents.

8. If, upon completing a review of the November 27, 2017 recording device, the Court concludes that the disclosure of the recordings to others may violate FERPA or the common law privacy rights of students other than M.S. and their parents, the Court will schedule this matter for a brief hearing to share the Court's concerns and hear from the parties regarding their recommendations for further handling.

9. Defendants shall mail the recording devices to the Court to arrive within one week of the entry of this order.

10. Plaintiff's counsel shall email the PIN number of the recording device to the Court clerk within one week of the entry of this order.

                                                   s/ James P. O'Hara
                                                   James P. O'Hara
                                                   United States Magistrate Judge

Approved:

 s/ Samara N. Klein
Samara N. Klein, #78710
9229 Ward Parkway, Suite 370
Kansas City, MO 64111
Telephone: (816) 523-4667
Email: sklein@sklein-law.com
Attorneys for Plaintiff


 s/ Connor Sears ,
Connor Sears, #

SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
Telephone: (816) 559-2044
Email: csears@shb.com
Attorneys for Plaintiff

s/ Brooks Severson
Brooks Severson, #22037
Fleeson, Gooing, Coulson & Kitch, L.L.C.
301 N. Main, Ste. 1900
Wichita, Kansas 67202
Telephone: (316) 267-7361
Email: bseverson@fleeson.com
Attorneys for Defendant USD #266 Maize

s/ Sarah J. Loquist
Sarah J. Loquist, #18225
SCAESIC #618
620 Industrial Road, P.O. Box 760
Goddard, KS 67052
Telephone: (316) 708-8346
Email: sarah@loquist.com
Attorneys for Defendant
SCAESIC #618