UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

M.S., a minor,
by and through her mother, JANET CLASEN,

          Plaintiffs,

v.                                               Case No. 17-1280-EFM

UNIFIED SCHOOL DISTRICT NO. 266,
SEDGWICK COUNTY, STATE OF KANSAS,
et al.,

          Defendants.

## ORDER

Defendants Unified School District No. 266, Sedgwick County, State of Kansas ("USD 266") and Sedgwick County Area Education Services Interlocal Cooperative #618 ("SCAESIC #618") have filed separate motions to strike plaintiffs' purported rebuttal expert, Dr. Shelby Evans (ECF Nos. 95 and 97, respectively). Defendants assert Dr. Evans is not a proper rebuttal expert, and that plaintiffs' designation of Dr. Evans is merely an attempt to avoid the effect of the court's prior order (ECF No. 88) denying plaintiffs leave to disclose expert witnesses out of time. Additionally, SCAESIC #618 claims a conflict of interest precludes Dr. Evans from offering testimony on behalf of plaintiffs in this case. For the reasons set forth below, defendants' motions are denied, but without prejudice to reassertion later with regard to the former argument.

The undersigned U.S. Magistrate Judge, James P. O'Hara, agrees with defendants that plaintiffs' disclosure of Dr. Evans is a transparent attempt to circumvent the

1

undersigned's September 26, 2018 order denying plaintiffs leave to disclose experts out of time (ECF No. 88) (plaintiffs never sought review of that ruling by the presiding U.S. District Judge, Eric F. Melgren). As observed in the above-referenced order, plaintiffs failed to serve any expert witness disclosures within the July 23, 2018 scheduling-order deadline (*see* ECF No. 51). The court denied plaintiffs' motion seeking an extension of their expert-disclosure deadline (ECF No. 73), filed seven weeks after the deadline expired, for lack of good cause or excusable neglect.

Plaintiffs now seek to disclose Dr. Shelby Evans as a rebuttal expert. As defendants point out, however, Dr. Evans is the same individual plaintiffs sought to disclose via their initial expert witness disclosures, and there's no apparent distinction between the expert testimony plaintiffs sought to include in their case-in-chief and the opinions contained in Dr. Evans' purported rebuttal expert report. Specifically, in attempting to disclose Dr. Evans as a case-in-chief expert, plaintiffs' counsel identified three "issues [plaintiff] plan[ned] to have [Dr. Evans] cover:"

> 1. What training/supports/resources the District and Coop needs to serve [M.S.] and students like her 2. What the current data tells us based on implementation of the BIP or non-implementation of the BIP (as will be clearer in discovery) and other data about what is happening in the classroom, and 3. Whether this information along with the new BIB and FBA supports having [M.S.] in the regular classroom.[1]

---

[1] ECF No. 97-5 at 1. In light of M.S., a minor, proceeding in this action without public disclosure of her full name, the parties are reminded to redact publicly filed documents as appropriate.

Dr. Evans' "rebuttal" expert report broadly addresses all three topics.[2]

The situation presented in the case at bar is somewhat different than the typical case in which the rebuttal nature of an expert is challenged. That's because defendants have each disclosed Dr. Evans as a non-retained expert. According to USD 266's disclosures,

> [Dr. Evans] performed an independent functional behavior assessment of M.S. in February of 2018. She prepared a Behavioral Consultation Report following such assessment … Dr. Evans will testify consistent with the opinions contained within her medical records and report, and all ancillary opinions that flow naturally from the information contained within those records. Specifically, she is anticipated to testify regarding M.S.'s disabilities, medical conditions, behavioral issues, the educational services M.S. received, and her recommendations regarding the same.[3]

Defendants also have disclosed Dr. James Vincent as a non-retained expert. According to USD 266's disclosures,

> Dr. James Vincent performed an independent functional behavior assessment of M.S. during April and May of 2017. He prepared a report which was provided to the IEP team … Dr. Vincent will testify consistent with the opinions contained within his medical records and report, and all ancillary opinions that flow naturally from the information contained in those records. Specifically, Dr. Vincent is anticipated to testify regarding M.S.'s disabilities, medical conditions, behavioral issues, the educational services M.S. received and the recommendations he made to the IEP team.[4]

Opposing defendants' motions to strike, plaintiffs claim Dr. Evans will "explain

---

[2] *See* ECF No. 96.

[3] ECF No. 102-1.

[4] *Id.*

3

and rebut questioning by [d]efendants about [her February 2018] report, and whether the report has been implemented with fidelity since it was developed."[5] Plaintiffs further claim Dr. Evans "has reviewed the report of Dr. Vincent, and can rebut evidence offered by Dr. Vincent were he to be called as a witness."[6]

As the record reflects, the parties have strongly disagreed from the outset of this litigation about the admissibility of post-hearing evidence. *See* ECF No. 24 at 6; ECF No. 51 at 2; ECF No. 111 at 9–17. Defendants maintain that the crux of the case calls for judicial review of an administrative decision, such that review is confined to the administrative record. Plaintiffs maintain that no decision can properly be made by this court without considering events that occurred after the underlying hearing was held; defendants assert any claims based on post-hearing events haven't been administratively exhausted. In addressing defendants' motions to strike, the undersigned does *not* presume to make *any* rulings on the extent to which, if at all, evidence beyond that contained in the administrative record is properly admissible in making the ultimate judicial-review decision. Any such rulings will be made by Judge Melgren.

To the extent plaintiffs claim Dr. Evans will rebut her own, non-retained expert opinions, the court finds the issue more in the nature of the proper scope of plaintiffs' cross-examination of Dr. Evans—an issue more appropriately addressed at trial. Further,

---

[5] ECF No. 102 at 3.

[6] *Id.* at 3–4.

4

because defendants have disclosed Drs. Evans and Vincent as non-retained experts, and were therefore not required to disclose detailed expert reports,[7] the precise nature of defendants' expert testimony is unclear. It's therefore equally unclear whether *any* of the opinions contained in Dr. Evans' purported rebuttal expert report are truly rebuttal in nature. Accordingly, the undersigned, although *highly* skeptical of plaintiffs' assertions, respectfully declines to address today the extent to which, if at all, Dr. Evans' proposed opinions constitute proper rebuttal. Defendants' challenge on this basis may be the subject of a separate motion or objection shortly before or during trial, and in any event would most efficiently addressed by Judge Melgren. The undersigned is inclined to believe that as a practical matter it may be very difficult for Judge Melgren to rule on such a motion or objection until he's heard the parties' respective cases-in-chief.

Finally, to the extent SCAESIC #618 seeks to strike Dr. Evans as a rebuttal expert based on an alleged conflict of interest, the court finds defendant's arguments unpersuasive, i.e., SCAESIC #618's vague and conclusory assertions that Dr. Evans was provided confidential information are insufficient to bar her testimony.

IT IS SO ORDERED.

Dated November 19, 2018, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

---

[7] *See* Fed. R. Civ. P. 26(a)(2).